IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MAGNUM JELANI NEELY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CR 122-029 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I.    BACKGROUND**

On April 6, 2022, the grand jury in the Southern District of Georgia charged Petitioner with one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. § 846. (Doc. no. 1.) Represented by court-appointed counsel Amit Michael Navare, Petitioner pled guilty on February 7, 2019. (Doc. nos. 15, 73-75.) In exchange for Petitioner's guilty plea, the government agreed to move for an additional one-level reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen

or greater prior to the acceptance of responsibility reduction and stipulate at sentencing the offense involved at least 500 grams, but fewer than 1.5 kilograms of methamphetamine. (Doc. no. 75, p. 4.)

Petitioner's plea agreement also included an appeal and collateral attack waiver that stated in relevant part:

> a. <u>Waiver of Appeal</u>
>
> Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.
>
> b. <u>Waiver of Collateral Attack</u>
>
> Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

(<u>Id.</u> at 8.)

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-six, Criminal History Category at VI, and Guideline imprisonment range at 324 to 405 months. PSI ¶¶ 33, 49, 73. In the criminal history computation section of the PSI, Petitioner was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). <u>Id.</u> ¶ 49.

On January 11, 2023, Chief United States District Judge J. Randal Hall sentenced Petitioner to 278 months imprisonment,[1] five years supervised release, a $2,500 fine, and a special assessment of $100.00. (Doc. no. 106.) The judgment was entered the same day. (Doc. no. 107.) Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on November 14, 2024. (Doc. no. 131, p. 12.) He alleges four grounds for relief in his petition. Ground One alleges the Court failed to advise Petitioner of the right he waived by entering a guilty plea. (Id. at 4.) Ground Two alleges the sentence was excessive and the Court failed to advise Petitioner of the mandatory minimum sentence he faced by entering a guilty plea. (Id. at 5.) Ground Three alleges ineffective assistance of counsel for failing to prepare a defense strategy and filing to advise Petitioner of the implications of his guilty plea. (Id. at 7.) Ground Four alleges ineffective assistance of counsel because counsel failed to file a direct appeal at Petitioner's request. (Id. at 8.)

Even if the Court were to assume, for the sake of argument, the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

## II.   DISCUSSION

### A.   The Motion Is Untimely

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

---

[1] Judge Hall ordered the sentence "be served concurrently with the state sentence [Defendant] is currently serving in Burke County Superior Court Docket Number 2018R0163." (Doc. no. 107, p. 2.)

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on January 11, 2023, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on January 25, 2023. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Petitioner signed the present motion on November 14, 2024, delivered it to prison officials for mailing on November 20, 2024, and the Clerk docketed the motion on December 2, 2024.[2] (Doc. no. 131, p. 12.) Thus, Petitioner filed his § 2255 motion twenty-two months after his conviction became final, and his motion is untimely.

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage

---

[2] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing.

of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized,

5

"The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion.  Petitioner alleges the one-year statute of limitations should not bar his motion because, as a result of understaffing at the Georgia Department of Corrections, mail at his current place of incarceration is often delayed and prisoners receive insufficient law library time.  (Doc. no. 131, p. 11.)  This understaffing fails to establish an extraordinary circumstance because Petitioner provides no argument or information to suggest the mail delays actually interfered with his ability to file the present motion and because ignorance about the law is not a basis for equitable tolling under AEDPA.  Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013).  Moreover, Petitioner makes no arguments concerning whether he exercised diligence during the nearly two years he took to file his § 2255 petition.  Further, to the extent Petitioner implies his untimeliness should be excused because he was not properly advised of his right to file a direct appeal, Petitioner "has not shown that an extraordinary circumstance prevented him from timely exercising his right to file a § 2255 motion, as opposed to his right to file a direct appeal."  Lucas v. United States, 522 F. App'x 556, 559 (11th Cir. 2013) (*per curiam*) (unpublished) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  Lastly, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him.  Accordingly, Petitioner is not eligible for equitable tolling.

### III.    CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA