IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-029 |
| | * | |
| MAGNUM JELANI NEELY | * | |

**O R D E R**

Defendant Magnum Jelani Neely was sentenced in this federal court on January 11, 2023, upon his plea of guilty to a drug-related conspiracy. Neely was sentenced to serve 278 months in prison, a term "to be served concurrently with the state sentence he is currently serving in Burke County Superior Court Docket Number 2018R0163. (Doc. 107, at 2.) At present, Neely is a prisoner of the Georgia Department of Corrections serving a state sentence.

Earlier this year, Neely filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking a reduction in sentence based upon "extraordinary and compelling circumstances." (Doc. 136.) The Court terminated the motion because Neely is a state prisoner, and only federal prisoners may seek to avail themselves of the compassionate release provision. (Doc. 150.)

At present, Neely has filed a motion seeking relief from his conviction and sentence, and even though he cites the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) in the title, he claims the Court improperly construed his prior motion as a

compassionate release motion. (Doc. 151, at 1-2.) In any event, upon consideration of the entirety of Defendant's instant motion, it must be denied.

To the extent that Defendant claims the United States Bureau of Prisons has not given him federal credit for time served in state custody, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 extends to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Applications for writs of habeas corpus by state prisoners are subject to the additional restrictions of 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Section 2254 requires the exhaustion of the remedies available to a petitioner by any state court procedure. See 28 U.S.C. § 2254(b)(1)(A) & (c). Here, Neely has not properly filed a petition for writ of habeas corpus under § 2241, and he has not alleged let alone shown that he has exhausted his time credit claim through available state procedures. Accordingly, the Court has no authority to address his claim.

With respect to Neely's challenge to the alleged unconstitutional stop by Burke County law enforcement, a legal challenge to a federal conviction and sentence must be brought as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Neely has already filed an untimely § 2255 motion. He therefore cannot bring another § 2255 motion without authorization

from the Eleventh Circuit Court of Appeals. <u>See</u> 28 U.S.C. §§ 2255, 2244(b)(3). Because Neely has not acquired the necessary authorization to bring a successive § 2255 motion, this Court may not consider the merits of his constitutional claim.

Finally, Neely reiterates his so-called "extraordinary and compelling circumstances" in his final argument seeking sentence reduction. (Doc. 151, at 3.) The Court reiterates that it does not have the authority to release a state prisoner on compassionate release.

Upon the foregoing, Defendant's motion for sentence clarification and sentence reduction (doc. 151) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of June, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA